UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ESTUPINAN-TRUJILLO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05238 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Daniel Estupinan-Trujillo's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that his continued detention violates due process. For the reasons that follow, the Court denies the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Cuba who entered the United States sometime in 2022. *See* Dkt. No. 6-1 at 2. ICE took Petitioner into custody on January 25, 2026 from the Lee County Jail following an arrest for battery. *Id*. at 3. On March 13, 2026, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") and was denied bond on a finding that Petitioner was a flight risk and danger to the community. Dkt. No. 6-4 at 1. Petitioner reserved his right to appeal the decision, but it appears an appeal was never filed.

## II. DISCUSSION

Respondents oppose relief, arguing in part that Petitioner has received the process he is due under 8 U.S.C. § 1226(a) and that he must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. Dkt. No. 6 at 5–7. In reply, Petitioner argues that exhaustion should be excused because continued detention would cause irreparable injury in light of the poor conditions at his current detention facility. Dkt. No. 9 at 5. He requests that he be provided a renewed hearing at which the Government bears the burden of proof or immediate release from detention. *Id*. at 6. For the reasons that follow, the Court finds that, to the extent Petitioner challenges the IJ's bond findings in his petition, he must exhaust his administrative remedies before seeking relief in this court. The Court further finds that, on this record, Petitioner has not shown his continued detention is unconstitutional.

### A. Exhaustion

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding of dangerousness and flight risk, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies.

First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerousness finding—is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, Petitioner's claims challenging the constitutionality of his continued detention may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his continued detention violates his due process rights.

**B. Due Process**

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond by demonstrating that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may then seek habeas relief in federal district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159–61 (9th Cir. 2011). Finally, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Based on the record before the Court, Petitioner received the process to which he is

entitled under 8 U.S.C. § 1226(a), including a bond hearing before an IJ. The fact that the IJ did not impose a clear and convincing standard on the Government during that hearing does not render Petitioner's detention unconstitutional. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a second bond hearing or immediate release, Petitioner has not raised facts suggesting that he was entitled to pre-deprivation process prior to his arrest and detention. Accordingly, Petitioner has not shown that his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice to Petitioner filing a renewed habeas petition based on changed facts. The Clerk of Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2026

VINCE CHHABRIA
United States District Judge